IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDBOX LOGISTICS, LLC; and<br>OREN TECHNOLOGIES, LLC | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:17cv00589 |
| | § | |
| PROPPANT EXPRESS INVESTMENTS,<br>LLC; PROPPANT EXPRESS<br>SOLUTIONS, LLC; and LIBERTY<br>OILFIELD SERVICES, LLC | §<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO SET PRELIMINARY INJUNCTION HEARING AND TO CONDUCT LIMITED PRE-HEARING DISCOVERY**

Contemporaneously with the filing of this motion, Plaintiffs have filed a motion for preliminary injunction. This motion seeks to enforce a forum selection clause that bars Defendants from using a petition for *inter partes* review ("IPR") in the Patent Office to challenge SandBox patents.

Defendants directed the filing of a petition for IPR on SandBox's '341 patent on January 25, 2017. The deadline for the Patent Office to decide whether it will grant this petition, which would then trigger a full review of the enforceability of SandBox's '341 patent, is August 8, 2017. The Patent Office may rule on the petition for IPR as early as 2-3 weeks before this deadline, assuming it follows its typical practice.

If a preliminary injunction has not issued by the time the Patent Office rules on the petition for IPR, and if the Patent Office decides to grant the petition and move forward with merits briefing on the '341 patent, it is possible the Patent Office will continue the

IPR on its own accord even if this Court later enters an injunction barring Defendants and those acting in concert with them from pursuing an IPR. Plaintiffs respectfully request, therefore, that the Court schedule a preliminary injunction hearing as soon as possible, but no later than July 14, 2017. Defendants are not opposed to the setting of a hearing before July 14, 2017.

Although Plaintiffs stand ready to proceed with the preliminary injunction hearing immediately, we would ask for limited discovery before the hearing if time permits. Plaintiffs anticipate that production of the following documents by Defendants will be sufficient:

- Documents sufficient to identify the source of the funds used to pay any filing fee(s) for the IPR;

- Documents sufficient to identify the source of the funds used to pay any attorney's fees or expenses relating to the IPR, including but not limited to the funds used (i) to pay attorneys for the drafting, preparation, filing or prosecution of the IPR; (ii) to pay filing fees for the IPR; or (iii) to finance prior art searches;

- Documents and communications related to the December 30, 2016 amendment to PropX's LLC agreement, including any documents or communications related to the reason(s) for this amendment;

- Documents sufficient to identify any representatives or employees of Liberty, PropX or Grit who have given instructions to, communicated with, supervised, or commented upon the work of the attorneys responsible for the drafting, preparation, filing or prosecution of the IPR;

- To the extent not previously produced in another case, all communications between or among any Defendants relating the IPR;

1996.00005/599983.v1

- To the extent not previously produced in another case, all communications between any Defendant and any third parties, including but not limited to Grit, related to the IPR; and

- To the extent not previously produced in another case, all internal communications of employees or representatives of any Defendant related to the IPR; and

- To the extent not previously produced in another case, any presentations, meeting minutes, memoranda or other documents related to the IPR.

Depending on what Defendants produce in response to these requests, Plaintiffs may also request short corporate representative depositions to address issues contained in the documents. Depositions may not be needed if the documents are self-explanatory. Plaintiffs will therefore wait to raise this issue, if necessary, after Defendants' document production.

For these reasons, Plaintiffs respectfully request that the Court set a preliminary injunction hearing on or before July 14, 2017 and require production of the documents described above at least 30 days before the hearing occurs.

3

Dated: March 14, 2017

Respectfully submitted,

BECK REDDEN LLP

*/s/ Matthew P. Whitley*
Matthew P. Whitley
State Bar No. 24037703
Southern District No. 33589
mwhitley@beckredden.com
Michael Richardson
State Bar No. 24002838
Southern District No. 23630
mrichardson@beckredden.com
Seepan Parseghian
State Bar No. 24099767
Southern District No. 2953872
sparseghian@beckredden.com
Fatima Hassan Ali
State Bar No. 24101878
Southern District Bar No. 3008729
fhassanali@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:   (713) 951-3720

KIRKLAND & ELLIS LLP
Gianni Cutri (*pro hac vice pending*)
Illinois State Bar No. 6272109
gcutri@kirkland.com
Kyle M. Kantarek (*pro hac vice pending*)
Illinois State Bar No. 6320889
kyle.kantarek@kirkland.com
Adam M. Kaufmann (*pro hac vice pending*)
Illinois State Bar No. 6303658
adam.kaufman@kirkland.com
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-3372
Facsimile:  (312) 862-2200

**ATTORNEYS FOR PLAINTIFFS**

4

## CERTIFICATE OF CONFERENCE

 I have conferred with Defendants' counsel, and Defendants do not oppose the setting of a preliminary injunction hearing before July 14, 2017. Defendants have not yet determined whether they are opposed to pre-hearing discovery.

             By: */s/ Matthew P. Whitley*
                 Matthew P. Whitley

## CERTIFICATE OF SERVICE

 The undersigned certifies that the foregoing document was filed electronically and served upon all counsel of record via e-mail on March 14, 2017.

             By: */s/ Matthew P. Whitley*
                 Matthew P. Whitley

1996.00005/599983.v1