April 21, 2017

George C. Hanks, Jr.
United States District Judge
US Courthouse
515 Rusk Street
Houston, Texas 77002

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States

**Charles B. Walker, Jr.**
**Head of IP Disputes, United States**
Direct line +1 713 651 5203
charles.walker@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246
nortonrosefulbright.com

Re:   Case No. 4:17-cv-00589, In the United States District Court of Texas, Houston Division; *Sandbox Logistics, LLC; and Oren Technologies, LLC, v. Proppant Express Investments, LLC; Proppant Express Solutions, LLC; And Liberty Oilfield Services, LLC*

Dear Judge Hanks:

The PropX defendants request a pre-motion conference, if deemed appropriate, for its motion to dismiss Sandbox's breach of contract claims.

Sandbox sued Proppant Express Investment, LLC, Proppant Express Solutions, LLC (collectively, "Prop X"), and Liberty Oilfield Services for patent infringement and breach of contract. Sandbox bases its contract claim on a venue provision in an agreement between Sandbox and Liberty. The venue provision limits "patent challenges" to Houston. Sandbox alleges that PropX breached when it participated in a petition to the U.S. Patent Office in Virginia to invalidate a Sandbox patent in an inter partes review (IPR) proceeding. Sandbox seeks a preliminary injunction to enforce the venue provision in a hearing set for May 25.

PropX asks to dismiss the breach of contract claim under Texas Civil Practice and Remedies Code §27.003, otherwise known as the Texas Citizens' Participation Act or anti-SLAPP statute. The statute protects the constitutional right to petition the government from frivolous litigation through an expedited procedure to dismiss. Although a state procedure, anti-SLAPP motions also apply in federal actions. *See Cuba v. Pylant*, 814 F.3d 201, 206 n.6 (5th Cir. 2016)(analyzing Texas anti-SLAPP statute and noting that "[t]his court held, under the materially similar Louisiana anti-SLAPP statute, that a federal-court defendant may bring a motion to dismiss")

Sandbox violates the anti-SLAPP statute by using this litigation to interfere with PropX's constitutional right to petition the U.S. Patent Office to invalidate an improperly issued patent. Tex. Civ. Prac. & Rem. Code §27.005(b) (court shall dismiss a legal action related to movant's exercise of its right to petition). To maintain its action, Sandbox must establish by clear and specific evidence a prima facie case for each essential element of its breach of contract claim. *Id*. at (c).

Sandbox cannot establish breach of contract because PropX is not a party to the agreement. Sandbox alleges alter ego and similar theories to bind PropX to the Liberty agreement, but the

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

28237605.1

NORTON ROSE FULBRIGHT

companies have operated as completely separate companies since September 2016 with no overlap in ownership, management, or control.  Sandbox focuses its arguments on pre-September 2016 facts when Liberty originally set up PropX as an affiliate, but these facts are irrelevant to alter ego at the time of the filing of the IPR in January 2017.  Moreover, Sandbox cannot establish the fraud necessary under Texas statute to bind PropX as an alter ego to the Liberty contract.  Tex. Bus. Corp. Act Art. 2.21(A)(2) (Affiliate shall be under no obligation with respect to any contractual obligations of the corporation on the basis of alter ego unless the obligee demonstrates that the affiliate caused the corporation to be used for actual fraud on obligee.).

PropX requests a pre-motion conference out of caution, but does not believe that such a conference is necessary.  First, the Court's procedures do not specifically identify anti-SLAPP motions as requiring a conference.  Second, PropX must file its anti-SLAPP motion within 60 days from service of process, which will be May 5.  Finally, the Court will benefit from the judicial economy of considering the anti-SLAPP motion in connection with Sandbox's pending motion for preliminary injunction because most of the arguments overlap.

Very truly yours,

/s/ Charles B. Walker, Jr.

CBW/eb

28237605.1