IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDBOX LOGISTICS, LLC; AND OREN TECHNOLOGIES, LLC, | § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 4:17-cv-00589 |
| PROPPANT EXPRESS INVESTMENTS, LLC; PROPPANT EXPRESS SOLUTIONS, LLC; and LIBERTY OILFIELD SERVICES, LLC, | | |
| Defendants. | | |

# Defendant PropX's Anti-SLAPP Motion to Dismiss

Date:  April 26, 2017

Respectfully Submitted

By   /s/ *Charles B. Walker, Jr.*
   Charles B. Walker (Texas Bar No. 00794808)
   charles.walker@nortonrosefulbright.com
   Mark Eberhard (Texas Bar No. 24092375)
   mark.eberhard@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:   (713) 651-5246

*Attorneys for Defendants*
*Proppant Express Investments, LLC and*
*Proppant Express Solutions, LLC*

## TABLE OF CONTENTS

Page

SUMMARY ................................................................................................................................. 1

FACTS ......................................................................................................................................... 2

      A.      Grit petitions for IPR of a Sandbox patent with the help of PropX and Hi-Crush. .................................................................................................................. 2

      B.      Liberty never becomes a member of PropX ............................................................ 2

      C.      Sandbox unsuccessfully tries to stop the IPRs in state court ................................. 3

      D.      Sandbox brings the same breach of contract claim in federal court. ..................... 3

      E.      Sandbox's stated purpose is to prevent PropX from petitioning for or participating in an IPR of Sandbox's patents. ......................................................... 4

      F.      An IPR is a statutory proceeding before the U.S. Patent Office in which the Patent Office considers whether to cancel claims of an issued patent. ............. 4

ARGUMENT ............................................................................................................................... 5

      A.      The Texas Citizens Participation Act provides a burden-shifting framework for early dismissal of meritless suits that invade a defendant's constitutional rights. ................................................................................................. 5

      B.      A motion to dismiss under the Texas Citizens Participation Act is available in federal courts. ........................................................................................ 7

      C.      PropX's burden: Sandbox's claim is based on, relates to, or is in response to PropX's exercise of the right to petition and the right of free speech. .............. 7

            1.      Sandbox's request to enjoin PropX from petitioning for and participating in an IPR implicates PropX's right to petition ...................... 8

            2.      Sandbox's request to enjoin PropX from petitioning for and participating in an IPR implicates PropX's right of free speech. ............ 10

      D.      Sandbox now has the burden to establish a prima face case by clear and specific evidence. ................................................................................................... 11

CONCLUSION .......................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*All Plaintiffs v. All Defendants*,
   645 F.3d 329 (5th Cir. 2011) ..................................................................................................7

*Cuba v. Pylant*,
   814 F.3d 201 (5th Cir. 2016) ..................................................................................................7

*Hays v. HCA Holdings, Inc.*,
   838 F.3d 605 (5th Cir. 2016) ................................................................................................12

*Lippincott v. Whisenhunt*,
   462 S.W.3d 507 (Tex. 2015)...................................................................................................8

*In re Lipsky*,
   460 S.W.3d 579 (Tex. 2015)....................................................................................6, 10, 11

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
   324 U.S. 806 (1945)..............................................................................................................11

*Walker v. Beaumont Indep. Sch. Dist.*,
   2016 WL 1156852 (E.D. Tex. Mar. 24, 2016) .......................................................................7

*Williams v. Cordillera Commc'ns, Inc.*,
   2014 WL 2611746 (S.D. Tex. June 11, 2014) .......................................................................7

**Rules and Statutes**

35 U.S.C. § 311................................................................................................................................5, 9

35 U.S.C. § 314................................................................................................................................5, 9

35 U.S.C. § 318.....................................................................................................................................5

Tex. Bus. Orgs. Code § 21.223.........................................................................................................12

Tex. Bus. Orgs. Code § 21.224.........................................................................................................12

Texas Civil Practice & Reme
   dies Code Chapter 27 ................................................................5, 6, 7, 8, 9, 10, 11

**Other Authorities**

47 Fed. Reg. 48756 (August 14, 2012) (codified at 37 C.F.R. Part 42) .................................4, 5, 9

- iii -

## **TABLE OF EXHIBITS**

| **Exhibit** | |
|---|---|
| 1 | Plaintiff's First Amended Complaint |
| 2 | Sandbox Logistics, LLC's State Court Petition |

**SUMMARY**

Defendants Proppant Express Investments, LLC and Proppant Express Solutions, LLC (collectively PropX) move to dismiss Plaintiffs Sandbox's breach of contract claim under Texas Civil Practice and Remedies Code §27.003 of the Texas Citizens Participation Act (TCPA) in what is commonly referred to as an anti-SLAPP motion.

The TCPA protects constitutional rights of PropX to petition the government and speak freely by providing an expedited process to evaluate and dismiss meritless claims. As a substantive state law, the TCPA is enforceable in federal court.

The TCPA provides a burden shifting framework for dismissing meritless cases seeking to limit constitutional rights. First, PropX must show that the Sandbox suit impinges upon its rights to petition or speak freely. Here, Sandbox seeks only that—an injunction against PropX petitioning for and participating in *inter partes* reviews (IPR) of Sandbox patents at the United States Patent Office.

Second, the burden shifts to Sandbox to establish a prima facie case for its breach of contract claim by clear and specific evidence. Sandbox alleges breach of its contract with co-defendant Liberty, but PropX is not a party to that contract. Sandbox must establish alter ego or similar theory to hold PropX responsible for the contractual obligations of Liberty, but PropX and Liberty are two separate and independent companies with different owners, employees, and assets. Accordingly, Sandbox will not be able to show clear and specific evidence necessary to hold PropX liable as a non-party to the agreement between Sandbox and Liberty.

# FACTS

**A.     Grit petitions for IPR of a Sandbox patent with the help of PropX and Hi-Crush.**

Sandbox delivers proppant (*i.e.*, sand) for hydraulic fracturing operations on oil and gas wells. Sandbox patented parts of its equipment and system for delivering sand in box containers.

Sandbox sued third-party Grit Energy Solutions, LLC ("Grit") for patent infringement in Galveston federal court in early 2016 over its proppant delivery system. Grit responded with defenses that the patents were invalid.

Co-defendant Liberty Oilfield Services hydraulically fractures wells using sand. Liberty used Sandbox and its system for sand delivery. As part of the relationship, Liberty purportedly agreed to challenge Sandbox patents only in Houston.

Grit, Liberty, and third party sand-mining company Hi-Crush Partners LP ("Hi-Crush") worked together with others to create PropX. Like Sandbox, PropX delivers sand to hydraulic fracturing sites in containers. In September 2016, Hi-Crush became the majority owner and primary financial contributor to PropX. At the same time, PropX assumed liability and control for the Grit patent litigation with Sandbox.

Grit petitioned the patent office to reexamine a patent from the Sandbox litigation in an IPR proceeding in January 2017, with the assistance of PropX and Hi-Crush.

**B.     Liberty never becomes a member of PropX**

Grit, Hi-Crush, and Liberty entered into a letter of intent in January 2016 to establish PropX as a limited liability company. While the parties negotiated the contributions and terms of the LLC, Liberty helped start PropX by filing certificates of formation, transferring someone to head PropX, and providing initial funding and support in anticipation of finalizing the corporate documents.

As originally envisioned, Liberty was to be a 60% owner of PropX, but Hi-Crush negotiated for early and more control of PropX. Hi-Crush was the majority owner of PropX when the company was formally established in September 2016. Liberty owned a right to enter at a future date as a member of the LLC, but it would be as a minority 45% owner just like Hi-Crush.

Liberty never joined as a member of PropX. The members amended the corporate agreement to delay the entrance of Liberty. Before Liberty could join, Liberty assigned its right to become a member to Big Box, a sister affiliate of Liberty.

Big Box may not participate in any decisions by PropX to challenge the Sandbox patents. PropX amended its corporate structure to separate Liberty designated board members from participating in decisions to challenge Sandbox patents. That limitation also applies to Big Box.

C.   **Sandbox unsuccessfully tries to stop the IPRs in state court**

During preparations of the IPR petition, Sandbox filed a breach of contract claim in state court pursuing a temporary injunction that would prevent PropX, and presumably thereby Grit, from filing an IPR. *State Court Petition*, Ex. 2. As here, Sandbox alleged that PropX may not challenge the validity of a Sandbox patent outside of Houston by filing an IPR petition with the patent office in Virginia. Sandbox argued that PropX was the alter ego of Liberty and therefore should be held responsible for its contractual obligations with Sandbox.

The state court denied Sandbox's request for temporary injunction for lack of jurisdiction on December 13, 2016.

D.   **Sandbox brings the same breach of contract claim in federal court.**

In this suit, Sandbox brings one cause of action for breach of contract against two parties: Liberty and PropX. *Complaint*, Ex. 1 at ¶¶ 225-231. The only parties to the contract, however, are Sandbox and Liberty. *Id.* at ¶ 29. Sandbox insists that the contract also binds PropX "by

virtue of it being an affiliate, agent, and/or alter ego of Liberty that is acting in concert with Liberty." *Id.* at ¶ 228.

Sandbox specifically enforces its forum selection clause that limits challenges to its patents to courts in Houston. Sandbox interprets this as preventing defendants from petitioning for or participating in an IPR proceeding to reexamine the validity of the Sandbox patents because IPRs must be filed with the U.S. Patent Office in Virginia. *Id.* at ¶ 229.

**E.  Sandbox's stated purpose is to prevent PropX from petitioning for or participating in an IPR of Sandbox's patents.**

In its prayer for relief, Sandbox has requested a temporary and permanent injunction prohibiting PropX from "filing, prosecuting, funding, or participating in an IPR challenging any Sandbox patents":

**Prayer for Relief**

> 233. WHEREFORE, Sandbox respectfully requests that this Court enter judgement in its favor and grant the following relief:
>
> . . .
>
> E.  An injunction enjoining PropX and Liberty, and all others in active concert with them, from filing, prosecuting, funding, or participating in an IPR challenging any Sandbox patents;

*Complaint*, Ex. 1 at 75.

**F.  An IPR is a statutory proceeding before the U.S. Patent Office in which the Patent Office considers whether to cancel claims of an issued patent.**

An IPR or *inter partes* review is a statutorily created proceeding conducted by the Patent Trial and Appeal Board. 47 Fed. Reg. 48756 (August 14, 2012) (codified at 37 C.F.R. Part 42). The proceeding begins with the filing of a petition for IPR. *Id.* at 48757 (describing the "General Overview of Proceedings"). Any "person who is not the owner of a patent may file with the

Office a petition to institute *inter partes* review of the patent." 35 U.S.C. § 311. The petitioner can request to cancel as unpatentable claims of a patent. *Id.* When a petition is filed, the Board is required to determine whether to institute an IPR. 35 U.S.C. § 314. If a petitioner shows a reasonable likelihood that a claim should be cancelled, the Board will institute an *inter partes* review of the patent. *Id.* The proceeding consists of pleadings, motion practice, discovery, and oral argument. *See generally* 47 Fed. Reg. 48756 at 757 (describing "General Overview of Proceedings," "Sequence of discovery," and "Sequence of filing responses and motions"). At the conclusion of the proceeding, "the Patent Trial and Appeal Board shall issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner. . . ." 35 U.S.C. § 318.

## ARGUMENT

PropX has the burden of establishing by a preponderance of the evidence that Sandbox's claim implicates PropX's constitutional rights. It does. Sandbox explicitly seeks to prevent PropX from participating in any IPR of Sandbox's patents. Such an injunction would limit PropX's right to petition the government and right of free speech. The burden is now on Sandbox to establish a prima facie case of each essential element of its claim by clear and specific evidence. Sandbox will be unable to do so.

**A.     The Texas Citizens Participation Act provides a burden-shifting framework for early dismissal of meritless suits that invade a defendant's constitutional rights.**

The Texas Legislature enacted the TCPA (codified in Texas Civil Practice & Remedies Code chapter 27) to encourage and safeguard the constitutional rights of a defendant to speak freely, petition, associate freely, and otherwise participate in government to the maximum extent provided by law. Tex. Civ. Prac. & Rem. Code §27.002. To safeguard these constitutional rights expeditiously and by cost-effective means, the TCPA gives defendants the power to

resolve at an early stage whether a legal action impinging on such rights has merit by filing a motion to dismiss (commonly referred to as an "anti-SLAPP motion" or a motion to dismiss a "Strategic Lawsuit Against Public Participation"). *See* Tex. Civ. Prac. & Rem. Code §27.003(a), (b).

Once the motion is filed, all discovery is stayed in the legal action until the court rules on the motion, which must occur within 60 days after the motion is served. *See id.* at §§27.003(c), 27.004, 27.005. If the defendant is successful in dismissing the legal action, the defendant is entitled to court costs, attorney fees, and other expenses incurred in defending against the action as justice and equity may require. *Id.* at §27.009(a)(1). The court must also impose sanctions sufficient to deter the plaintiff from bringing a similar action in the future. *Id.* at §§27.007(a), 27.009(a)(2).

To succeed on a motion to dismiss under the TCPA, the defendant must show by a preponderance of the evidence that the plaintiff's legal action is based on, related to, or in response to the defendant's exercise of (1) the right of free speech, (2) the right to petition, or (3) the right of association. Tex. Civ. Prac. & Rem. Code §27.005(b); *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). If the defendant meets its burden, the court must dismiss the plaintiff's action unless the plaintiff can either (1) establish that the challenged claim is exempt from the TCPA, or (2) establish by clear and specific evidence a prima facie case for each essential element of the challenged claim. *See* Tex. Civ. Prac. & Rem. Code §§27.005(c), 27.010; *In re Lipsky*, 460 S.W.3d at 587. In evaluating a motion to dismiss, the court must construe the TCPA liberally to fully effectuate its purpose and intent to encourage and safeguard a defendant's constitutional rights. *See* Tex. Civ. Prac. & Rem. Code §§27.002, 27.011.

**B.     A motion to dismiss under the Texas Citizens Participation Act is available in federal courts.**

A motion to dismiss under the TCPA is available in federal courts. In reviewing dismissal of a TCPA motion, the Fifth Circuit Court of Appeals explained that it previously "held, under the materially similar Louisiana anti-SLAPP statute, that a federal-court defendant may bring a motion to dismiss." *Cuba v. Pylant*, 814 F.3d 201, 206 n.6 (5th Cir. 2016) (citing *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir.2009)). The motion is available under the *Erie* doctrine because the state anti-SLAPP statute was functionally substantive and federal courts apply state substantive law. *Id*; *see also All Plaintiffs v. All Defendants*, 645 F.3d 329, 335 (5th Cir. 2011) ("The black letter rule of Erie is that federal courts 'apply state substantive law and federal procedural law.'") (quoting *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir.2008)). Sandbox brings a Texas breach of contract claim, therefore, Texas substantive laws such as the TCPA are enforceable in this case. *See also Williams v. Cordillera Commc'ns, Inc.*, 2014 WL 2611746, at *2 (S.D. Tex. June 11, 2014) ("[A]nti-SLAPP statutes such as the TCPA are enforceable in federal courts sitting in diversity jurisdiction under the *Erie* doctrine."); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 1156852, at *1 (E.D. Tex. Mar. 24, 2016) (same).

**C.     PropX's burden: Sandbox's claim is based on, relates to, or is in response to PropX's exercise of the right to petition and the right of free speech.**

Sandbox's prayer for relief explicitly requests the Court to enjoin PropX from petitioning the government and making communications on a matter of public concern – patents. This request implicates PropX's constitutional rights, thereby shifting the burden to Sandbox to prove a prima facie case of each essential element of its claim by clear and specific evidence.

**1. Sandbox's request to enjoin PropX from petitioning for and participating in an IPR implicates PropX's right to petition.**

In requesting "an injunction enjoining PropX . . . from filing, prosecuting, funding, or participating in an IPR challenging any Sandbox patents" Sandbox admits that it seeks to limit PropX's right to petition. *See Complaint*, Ex. 1 at ¶ 233. Under the TCPA, a defendant's right to petition is broadly defined as including communications in or relating to public proceedings or that could encourage action by a governmental body:

> (4) "Exercise of the right to petition" means any of the following:
>
> > (A) a communication in or pertaining to:
> >
> > > . . .
> > >
> > > (ii) an official proceeding, other than a judicial proceeding, to administer the law;
> > >
> > > (iii) an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;
> > >
> > > . . .
> >
> > (B) a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;
> >
> > (C) a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

Tex. Civ. Prac. & Rem. Code § 27.001(4).

Petitioning for an IPR and participating in an IPR fits within this definition. First, it qualifies as a "Communication" under the TCPA. A Communication includes "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic," regardless of whether the communication is made or submitted publicly or privately. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015); *see* Tex. Civ.

Prac. & Rem. Code §27.001(1). IPRs contemplate filing an initial petition, *i.e.*, "submitting a statement or document." *See* 35 U.S.C. § 311. Participating in an IPR proceeding includes pleadings, motion practice, discovery, and oral argument; each of these involves making or submitting a statement or document. *See generally* 47 Fed. Reg. 48756 at 757 (describing "General Overview of Proceedings," "Sequence of discovery," and "Sequence of filing responses and motions"). Petition for and participating in IPRs requires making a "Communication" under the TPCA.

Second, petitioning for and participating in an IPR contemplates several of the enumerated communications included in the right to petition. It is "reasonably likely to encourage consideration or review of an issue" by an executive governmental body in an official proceeding. *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(C). Specifically, filing an IPR petition statutorily requires the Patent Trial and Appeal Board – an executive governmental body – to consider the validity of an issued patent in an official proceeding. *See* 35 U.S.C. § 314.

Participating in an IPR, likewise fits into at least communicating in: "an official proceeding," an "executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government," and "in connection with an issue under consideration or review by" an executive governmental body and in an official proceeding. *See* Tex. Civ. Prac. & Rem. Code § 27.001(4)(A)(ii), (4)(A)(iii), and (4)(B). Participating in an IPR involves pleadings, motion practice, discovery, and oral argument in a proceeding before the Patent Trial and Appeal Board. *See generally* 47 Fed. Reg. 48756 at 757 (describing "General Overview of Proceedings," "Sequence of discovery," and "Sequence of filing responses and motions"). Therefore, Sandbox's suit implicates PropX's right to petition and the burden shifts to Sandbox to establish a prima facie case by clear and specific evidence.

*See Lipsky*, 460 S.W.3d at 587 ("If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to 'establish [ ] by clear and specific evidence a prima facie case for each essential element of the claim in question.'").

>   2. **Sandbox's request to enjoin PropX from petitioning for and participating in an IPR implicates PropX's right of free speech.**

Sandbox's request for "an injunction enjoining PropX . . . from filing, prosecuting, funding, or participating in an IPR challenging any Sandbox patents" also implicates PropX's right of free speech because it would enjoin communications on a matter of public concern – the validity of a government granted monopoly. *See Complaint*, Ex. 1 at ¶ 233. Under the TCPA, "'[e]xercise of the right of free speech' means a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code §27.001(3). A "'[m]atter of public concern' includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good, product, or service in the marketplace." *Id*. § 27.001(7).

Petitioning for and participating in an IPR fits within this definition. As explained above, petitioning and participating in an IPR constitutes making a communication under the TCPA. Additionally, those communications are made in connection with a matter of public concern because they are on the issue of patent validity – a matter that related to at least economic or community well-being; the government; and a good, product or service in the market place. Specifically, patent validity is a matter of paramount public concern because patents "have far-reaching social and economic consequences" and are an exception to the general rule against monopolies:

> ***A patent by its very nature is affected with a public interest***. As recognized by the Constitution, it is a special privilege designed to serve the public purpose of

> promoting the 'Progress of Science and useful Arts.' At the same time, a patent is an exception to the general rule against monopolies and to the right to access to a free and open market. *The far-reaching social and economic consequences of a patent, therefore, give the public a paramount interest in seeing . . . that such monopolies are kept within their legitimate scope*.

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 816 (1945). Therefore, Sandbox's suit implicates PropX's right of free speech and the burden shifts to Sandbox to establish a prima facie case by clear and specific evidence. *See Lipsky*, 460 S.W.3d at 587 ("If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to 'establish [] by clear and specific evidence a prima facie case for each essential element of the claim in question.'").

**D.     Sandbox now has the burden to establish a prima face case by clear and specific evidence.**

Now that PropX has established by a preponderance of the evidence that Sandbox's petition is based on, related to, or in response to protected rights under the TCPA, the burden shifts to Sandbox to establish by clear and specific evidence a prima facie case for each essential element of its claim. *See* Tex. Civ. Prac. & Rem. Code §§27.005(c), 27.010; *In re Lipsky*, 460 S.W.3d at 587. Sandbox will not be able to do so.

PropX intends to explain how Sandbox has not met its burden in its reply. However, PropX offers the following summary of why Sandbox will not be able to meet its burden of establishing a prima facie case that the Liberty contract binds PropX:

- Liberty had no actual or implied control over PropX in January when the IPR was filed or going forward with future IPRs because Liberty was and will not be a member of Sandbox. During the relevant time period, Liberty does not share any directors, employees, or assets with PropX.

- Sandbox will not be able to make the required veil-piercing showing that PropX used Liberty to commit actual fraud on Sandbox for PropX's direct personal

benefit. *See* Tex. Bus. Orgs. Code § 21.223 (piercing corporate for "any contractual obligation . . . or any matter relating to or arising from the obligation" requires showing "actual fraud"). Sandbox claims this statute does not apply because "[t]his case focuses on the equitable doctrine of using alter ego," (Dkt. 41 at 11 n. 59), but the statute explicitly applies to alter ego theories and preempts any other veil piercing theory. *See id.* (no piercing veil on the basis that the affiliate "is or was the alter ego of the corporation"); *id.* at § 21.224 (liability under § 21.223 is "exclusive and preempts any other liability imposed for that obligation under common law or otherwise").

- The Liberty contract does not extend to PropX through agency because PropX is not an agent of Liberty, nor is Liberty an agent of PropX;

- Sandbox will not be able to use intertwined claims estoppel because that theory is only "works to prevent signatories to an arbitration agreement from avoiding arbitration." *See Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 611 (5th Cir. 2016) ("[I]ntertwined claims estoppel works to prevent *signatories* to an arbitration agreement from avoiding arbitration simply by suing 'nonsignatory principals or agents for pulling the strings.'").

Therefore, Sandbox will be unable to establish its claim against PropX by clear and specific evidence.

## CONCLUSION

For these reasons, PropX asks the Court to set its motion to dismiss Sandbox's petition for a hearing, and, after the hearing, grant PropX's motion; dismiss Sandbox's petition with prejudice; award PropX its court costs, reasonable attorney fees, and other expenses incurred in defending against Sandbox's legal actions as justice and equity may require; and impose sanctions that the Court determines are sufficient to deter Sandbox from bringing similar actions in the future.

Respectfully submitted,

Date: April 26, 2017

By  /s/ *Charles B. Walker, Jr.*
Charles B. Walker Jr.
*Attorney-in-charge*
Texas Bar No. 00794808
S.D. Tex. Bar No. 19307
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax:  (713) 651-5246
charles.walker@nortonrosefulbright.com

OF COUNSEL:

NORTON ROSE FULBRIGHT US LLP
Mark Eberhard (Texas Bar No. 24092375)
mark.eberhard@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Tel:   (713) 651-5151
Fax: (713) 651-5246

*Attorneys for Defendants*
*Proppant Express Investments, LLC and*
*Proppant Express Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on counsel for all parties by electronic service on April 26, 2017.

>/s/ Charles B. Walker Jr.
>Charles B. Walker Jr.
>Charles.walker@nortonrosefulbright.com
>*Counsel for Proppant Express Investments, LLC*
>*Proppant Express Solutions, LLC*