# EXHIBIT 2

11/11/2016 3:39:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13755336
By: Nelson Cuero
Filed: 11/11/2016 3:39:28 PM

NO. _____

| | | |
|---|---|---|
| SANDBOX LOGISTICS, LLC | § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY OILFIELD SERVICES, LLC and PROPPANT EXPRESS INVESTMENTS, LLC | § § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff SandBox Logistics, LLC ("SandBox") hereby files its Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction.

### Discovery Level

1. SandBox requests a Level 3 discovery plan, pursuant to Rule 190.3.

### Overview of this Action

2. In May 2014, SandBox and Liberty Oilfield Services LLC ("Liberty") entered into a Technology License Master Agreement ("Agreement"). The Agreement contains a forum selection clause, which prohibits Liberty from filing "any Patent Challenge" in any forum other than a state or federal court sitting in Houston, Texas.

3. Liberty subsequently acquired an interest in a joint venture called Proppant Express Investments, LLC ("PropX"). PropX is a competitor of SandBox that uses a technology which may infringe on one or more SandBox patents.

4. Representatives for Liberty and PropX (collectively, the "Defendants") have told SandBox that they intend to initiate an *inter partes* review ("IPR") with the Patent Trial and

1

Appeal Board in Alexandria, Virginia. The purpose of the IPR would be for Defendants to challenge the validity of one or more SandBox patents.

5. Liberty is barred by the Agreement's forum selection clause from challenging the validity of SandBox's patents in an IPR, because an IPR is not a judicial proceeding in Houston. Nor can Liberty circumvent the Agreement's forum selection clause by having PropX file an IPR, because PropX is either acting in concert with Liberty or is Liberty's agent, alter ego or affiliate. SandBox respectfully requests, therefore, that the Court prohibit Liberty and PropX from filing an IPR challenging the validity of any SandBox patent subject to the Agreement.

### Parties

6. SandBox is a Texas limited liability company whose principal place of business is located at 3200 Southwest Freeway, 13th Floor, Houston, Texas 77027.

7. Liberty is a Delaware limited liability company whose principal place of business is located at 950 17th Street, Suite 2000, Denver, Colorado 80202. At this time, the complete membership of Liberty is unknown. Liberty may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. PropX is a Delaware limited liability company whose principal place of business is located at 950 17th Street, Suite 1320, Denver, Colorado 80202. Although PropX's complete membership is unknown, it is believed to include Texas companies HiCrush Partners, LP and Fila-Mar Energy Services. PropX may be served through its registered agent, The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

### Jurisdiction and Venue

9. The Court has subject matter jurisdiction over this case, and the amount in controversy is within its jurisdictional limits.

10. SandBox seeks monetary relief of $100,000 or less and non-monetary relief.

11. The Court has personal jurisdiction over Liberty. Pursuant to the Agreement, Liberty has consented to the laws of Texas and the jurisdiction of this Court.

12. The Court has personal jurisdiction over PropX. At least two of its members are organized under Texas law and/or maintain a principal place of business in Texas. In addition, through its relationship with Liberty and the Agreement, PropX has consented to the laws of Texas and the jurisdiction of this Court.

13. Venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code. §§ 15.002(a)(3), 15.002(a)(4), and 15.0020. Venue is also proper in Harris County under the forum selection clause in the Agreement.

### Factual Background

14. SandBox developed and commercialized a revolutionary process for delivering and storing hydraulic fracturing sand in specialized modular units. SandBox is the owner of various technology rights related to its system, including patents, pending patent applications, trade secrets, know-how and trademarks.

15. Liberty is a fracking company. In May 2014, SandBox and Liberty entered into the Agreement, through which SandBox granted Liberty a limited license to use the SandBox process in connection with Liberty's fracking operations.

16. Pursuant to the forum selection clause in Section 16.2 of the Agreement, Liberty is prohibited from filing "any Patent Challenge" outside of a state or federal court sitting in Houston, Texas. The relevant portion of the clause states:

> The state and federal courts having jurisdiction over Houston, Texas, U.S.A., provide the exclusive forum for any Patent Challenge or any court action between the parties relating to this Agreement. Licensee and Licensor each submits to the jurisdiction

3

of such courts and waives any claim that such court lacks jurisdiction over Licensee or its Affiliates and Licensor or constitutes an inconvenient or improper forum.

17.   The Agreement defines a "Patent Challenge" to mean "a challenge to the validity, patentability, enforceability or non-infringement of any of the Patent Rights (as defined below) or otherwise opposing any of the Patent Rights." The Agreement defines "Patent Rights" to mean "any United States or foreign patent application or patent owned by or licensed to [SandBox], and all continuations, divisionals, reissues, re-exams, and extensions of term related thereto." The Agreement also provides a non-exclusive list of patents that are included in the definition of "Patent Rights."

18.   Since executing the Agreement, Liberty has acquired an interest in PropX, which uses a process that may violate one or more SandBox patents. Liberty appears to control or be acting in concert with PropX. For example, Liberty's chief executive officer has acted as PropX's spokesperson in discussions with SandBox. Another senior Liberty executive left his position at Liberty to become the chief executive officer of PropX. Liberty and PropX are even headquartered in the same office building.

19.   Representatives of Liberty and PropX have stated that they have imminent plans to file an IPR challenging the validity of one or more SandBox patents. While Defendants may have the right to assert such claims (even though they are meritless), doing so through an IPR in Virginia would violate the Agreement's forum selection clause. Defendants must assert any "Patent Challenges" in a court of competent jurisdiction in Houston.

20.   Allowing Defendants to pursue an IPR will cause irreparable harm to SandBox. By breaching the Agreement's forum selection clause, Defendants would deprive SandBox of its bargained-for forum and force it to suffer the undue burden of litigating in a distant forum.

4

## First Cause of Action
### (Breach of Contract)

21. SandBox realleges the material facts alleged in the preceding paragraphs.

22. The Agreement is a valid, enforceable contract.

23. SandBox has performed its obligations under the contract.

24. Both Liberty and PropX are bound by the forum selection clause in the Agreement. Liberty is directly bound as a party to the Agreement. PropX is likewise bound by virtue of it being an affiliate, agent, and/or alter ego of Liberty. PropX is also bound because it is acting in concert with Liberty and/or is engaged in a common business enterprise with Liberty.

25. Liberty and PropX have anticipatorily repudiated the Agreement by stating their imminent plans to institute an IPR challenge in Virginia.

26. Defendants' breach of the forum selection clause will cause SandBox substantial and irreparable injury.

## Application for Temporary Restraining Order and Temporary Injunction

27. Sandbox requests a temporary restraining order and/or a temporary injunction that prohibits Defendants from filing an IPR against SandBox. The three-factor test for temporary injunctive relief is easily satisfied: (1) SandBox has a valid cause of action against Defendants for breach of the forum selection clause; (2) SandBox has a probable right to the relief sought, as courts have noted that an anti-suit injunction is a permissible remedy to prevent anticipated violations of a forum selection clause; and (3) SandBox faces a probable, imminent, and irreparable injury if Defendants are allowed to evade the forum selection clause by filing an IPR in Virginia.

28. In addition, the requirements necessary for obtaining an anti-suit injunction are present. Defendants seek to evade an important Texas public policy favoring enforcement of

5

forum selection clauses, and their violation of the Agreement's forum selection clause would be vexatious and harassing to SandBox. Either of these factors, standing alone, is sufficient to justify an anti-suit injunction.

## Attorney's Fees

29. SandBox has been required to retain attorneys to protect its rights and prosecute this claim. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, it is entitled to recover its reasonable attorney fees and costs necessarily expended in this matter.

## Conditions Precedent

30. All conditions precedent to SandBox's claims for relief have been performed or have occurred.

## Prayer for Relief

For these reasons, Plaintiff SandBox Logistics, LLC respectfully seeks relief as follows:

    a. A temporary restraining order prohibiting Defendants from (1) filing or participating in an IPR to challenge the validity of any SandBox patents covered by the Agreement or (2) directly or indirectly assisting any third parties to file or prosecute an IPR to challenge the validity of any Sandbox patents covered by the Agreement;

    b. A temporary and permanent injunction prohibiting Defendants from (1) filing or participating in an IPR to challenge the validity of any SandBox patents covered by the Agreement or (2) directly or indirectly assisting any third parties to file or prosecute an IPR to challenge the validity of any Sandbox patents covered by the Agreement;

    c. Court costs and attorney's fees; and

    d. All additional relief to which SandBox has shown itself to be justly entitled, whether at law or in equity.

November 11, 2016

Respectfully submitted,

BECK REDDEN LLP

*/s/ Matthew P. Whitley*
       Matthew P. Whitley
       State Bar No. 24037703
       Seepan V. Parseghian
       State Bar No. 24099767
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720
mwhitley@beckredden.com

**ATTORNEYS FOR PLAINTIFF SANDBOX LOGISTICS, LLC**

7

11/11/2016 3:39:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13755336
By: Nelson Cuero
Filed: 11/11/2016 3:39:28 PM

NO. _____

| | | |
|---|---|---|
| SANDBOX LOGISTICS, LLC | § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY OILFIELD SERVICES, LLC and PROPPANT EXPRESS INVESTMENTS, LLC | § § § § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION**

Plaintiff SandBox Logistics, LLC ("SandBox") hereby files its Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction.

**Discovery Level**

1. SandBox requests a Level 3 discovery plan, pursuant to Rule 190.3.

**Overview of this Action**

2. In May 2014, SandBox and Liberty Oilfield Services LLC ("Liberty") entered into a Technology License Master Agreement ("Agreement"). The Agreement contains a forum selection clause, which prohibits Liberty from filing "any Patent Challenge" in any forum other than a state or federal court sitting in Houston, Texas.

3. Liberty subsequently acquired an interest in a joint venture called Proppant Express Investments, LLC ("PropX"). PropX is a competitor of SandBox that uses a technology which may infringe on one or more SandBox patents.

4. Representatives for Liberty and PropX (collectively, the "Defendants") have told SandBox that they intend to initiate an *inter partes* review ("IPR") with the Patent Trial and

1

Appeal Board in Alexandria, Virginia. The purpose of the IPR would be for Defendants to challenge the validity of one or more SandBox patents.

5. Liberty is barred by the Agreement's forum selection clause from challenging the validity of SandBox's patents in an IPR, because an IPR is not a judicial proceeding in Houston. Nor can Liberty circumvent the Agreement's forum selection clause by having PropX file an IPR, because PropX is either acting in concert with Liberty or is Liberty's agent, alter ego or affiliate. SandBox respectfully requests, therefore, that the Court prohibit Liberty and PropX from filing an IPR challenging the validity of any SandBox patent subject to the Agreement.

### Parties

6. SandBox is a Texas limited liability company whose principal place of business is located at 3200 Southwest Freeway, 13th Floor, Houston, Texas 77027.

7. Liberty is a Delaware limited liability company whose principal place of business is located at 950 17th Street, Suite 2000, Denver, Colorado 80202. At this time, the complete membership of Liberty is unknown. Liberty may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. PropX is a Delaware limited liability company whose principal place of business is located at 950 17th Street, Suite 1320, Denver, Colorado 80202. Although PropX's complete membership is unknown, it is believed to include Texas companies HiCrush Partners, LP and Fila-Mar Energy Services. PropX may be served through its registered agent, The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268.

### Jurisdiction and Venue

9. The Court has subject matter jurisdiction over this case, and the amount in controversy is within its jurisdictional limits.

10. SandBox seeks monetary relief of $100,000 or less and non-monetary relief.

11. The Court has personal jurisdiction over Liberty. Pursuant to the Agreement, Liberty has consented to the laws of Texas and the jurisdiction of this Court.

12. The Court has personal jurisdiction over PropX. At least two of its members are organized under Texas law and/or maintain a principal place of business in Texas. In addition, through its relationship with Liberty and the Agreement, PropX has consented to the laws of Texas and the jurisdiction of this Court.

13. Venue is proper in Harris County pursuant to Tex. Civ. Prac. & Rem. Code. §§ 15.002(a)(3), 15.002(a)(4), and 15.0020. Venue is also proper in Harris County under the forum selection clause in the Agreement.

## Factual Background

14. SandBox developed and commercialized a revolutionary process for delivering and storing hydraulic fracturing sand in specialized modular units. SandBox is the owner of various technology rights related to its system, including patents, pending patent applications, trade secrets, know-how and trademarks.

15. Liberty is a fracking company. In May 2014, SandBox and Liberty entered into the Agreement, through which SandBox granted Liberty a limited license to use the SandBox process in connection with Liberty's fracking operations.

16. Pursuant to the forum selection clause in Section 16.2 of the Agreement, Liberty is prohibited from filing "any Patent Challenge" outside of a state or federal court sitting in Houston, Texas. The relevant portion of the clause states:

> The state and federal courts having jurisdiction over Houston, Texas, U.S.A., provide the exclusive forum for any Patent Challenge or any court action between the parties relating to this Agreement. Licensee and Licensor each submits to the jurisdiction

3

of such courts and waives any claim that such court lacks jurisdiction over Licensee or its Affiliates and Licensor or constitutes an inconvenient or improper forum.

17. The Agreement defines a "Patent Challenge" to mean "a challenge to the validity, patentability, enforceability or non-infringement of any of the Patent Rights (as defined below) or otherwise opposing any of the Patent Rights." The Agreement defines "Patent Rights" to mean "any United States or foreign patent application or patent owned by or licensed to [SandBox], and all continuations, divisionals, reissues, re-exams, and extensions of term related thereto." The Agreement also provides a non-exclusive list of patents that are included in the definition of "Patent Rights."

18. Since executing the Agreement, Liberty has acquired an interest in PropX, which uses a process that may violate one or more SandBox patents. Liberty appears to control or be acting in concert with PropX. For example, Liberty's chief executive officer has acted as PropX's spokesperson in discussions with SandBox. Another senior Liberty executive left his position at Liberty to become the chief executive officer of PropX. Liberty and PropX are even headquartered in the same office building.

19. Representatives of Liberty and PropX have stated that they have imminent plans to file an IPR challenging the validity of one or more SandBox patents. While Defendants may have the right to assert such claims (even though they are meritless), doing so through an IPR in Virginia would violate the Agreement's forum selection clause. Defendants must assert any "Patent Challenges" in a court of competent jurisdiction in Houston.

20. Allowing Defendants to pursue an IPR will cause irreparable harm to SandBox. By breaching the Agreement's forum selection clause, Defendants would deprive SandBox of its bargained-for forum and force it to suffer the undue burden of litigating in a distant forum.

4

## First Cause of Action
### (Breach of Contract)

21. SandBox realleges the material facts alleged in the preceding paragraphs.

22. The Agreement is a valid, enforceable contract.

23. SandBox has performed its obligations under the contract.

24. Both Liberty and PropX are bound by the forum selection clause in the Agreement. Liberty is directly bound as a party to the Agreement. PropX is likewise bound by virtue of it being an affiliate, agent, and/or alter ego of Liberty. PropX is also bound because it is acting in concert with Liberty and/or is engaged in a common business enterprise with Liberty.

25. Liberty and PropX have anticipatorily repudiated the Agreement by stating their imminent plans to institute an IPR challenge in Virginia.

26. Defendants' breach of the forum selection clause will cause SandBox substantial and irreparable injury.

### Application for Temporary Restraining Order and Temporary Injunction

27. Sandbox requests a temporary restraining order and/or a temporary injunction that prohibits Defendants from filing an IPR against SandBox. The three-factor test for temporary injunctive relief is easily satisfied: (1) SandBox has a valid cause of action against Defendants for breach of the forum selection clause; (2) SandBox has a probable right to the relief sought, as courts have noted that an anti-suit injunction is a permissible remedy to prevent anticipated violations of a forum selection clause; and (3) SandBox faces a probable, imminent, and irreparable injury if Defendants are allowed to evade the forum selection clause by filing an IPR in Virginia.

28. In addition, the requirements necessary for obtaining an anti-suit injunction are present. Defendants seek to evade an important Texas public policy favoring enforcement of

5

forum selection clauses, and their violation of the Agreement's forum selection clause would be vexatious and harassing to SandBox. Either of these factors, standing alone, is sufficient to justify an anti-suit injunction.

### Attorney's Fees

29. SandBox has been required to retain attorneys to protect its rights and prosecute this claim. Therefore, pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001, it is entitled to recover its reasonable attorney fees and costs necessarily expended in this matter.

### Conditions Precedent

30. All conditions precedent to SandBox's claims for relief have been performed or have occurred.

### Prayer for Relief

For these reasons, Plaintiff SandBox Logistics, LLC respectfully seeks relief as follows:

    a.    A temporary restraining order prohibiting Defendants from (1) filing or participating in an IPR to challenge the validity of any SandBox patents covered by the Agreement or (2) directly or indirectly assisting any third parties to file or prosecute an IPR to challenge the validity of any Sandbox patents covered by the Agreement;

    b.    A temporary and permanent injunction prohibiting Defendants from (1) filing or participating in an IPR to challenge the validity of any SandBox patents covered by the Agreement or (2) directly or indirectly assisting any third parties to file or prosecute an IPR to challenge the validity of any Sandbox patents covered by the Agreement;

    c.    Court costs and attorney's fees; and

    d.    All additional relief to which SandBox has shown itself to be justly entitled, whether at law or in equity.

November 11, 2016

Respectfully submitted,

BECK REDDEN LLP

*/s/ Matthew P. Whitley*
      Matthew P. Whitley
      State Bar No. 24037703
      Seepan V. Parseghian
      State Bar No. 24099767
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720
mwhitley@beckredden.com

**ATTORNEYS FOR PLAINTIFF SANDBOX LOGISTICS, LLC**

7

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____  CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Original Petition, Application for TRO and Temporary Injunction

FILE DATE OF MOTION: _____
                          Month/   Day/   Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Liberty Oilfield Services, LLC
   ADDRESS: 1999 Bryan Street, Suite 900, Dallas, Texas 75201
   AGENT, (if applicable): CT Corporation System
   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP               ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
   ☐ MAIL                           ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:          ☐ COURTHOUSE DOOR, or
                                    ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

*********************************************************************************
****

2. NAME: Proppant Express Solutions, LLC
   ADDRESS: 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268
   AGENT, (if applicable): The Corporation Company
   TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation

   SERVICE BY (check one):
   ☐ ATTORNEY PICK-UP               ☐ CONSTABLE
   ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____  Phone: _____
   ☐ MAIL                           ☒ CERTIFIED MAIL
   ☐ PUBLICATION:
      Type of Publication:          ☐ COURTHOUSE DOOR, or
                                    ☐ NEWSPAPER OF YOUR CHOICE: _____
   ☐ OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:
NAME: Matthew P. Whitley                      TEXAS BAR NO./ID NO. 24037703
MAILING ADDRESS: 1221 McKinney, Suite 4500, Houston, Texas 77010
PHONE NUMBER: 713        951-3700             FAX NUMBER: 713        951-3720
              area code  phone number                     area code  fax number
EMAIL ADDRESS: mwhitley@beckredden.com

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.  SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____    AMENDED PETITION
_____    SUPPLEMENTAL PETITION

COUNTERCLAIM
_____    AMENDED COUNTERCLAIM
_____    SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____    AMENDED CROSS-ACTION
_____    SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____    AMENDED THIRD-PARTY PETITION
_____    SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____    AMENDED INTERVENTION
_____    SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____    AMENDED INTERPLEADER
_____    SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
    ORDER TO: _____
                      (specify)

    MOTION TO: _____
                      (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVCI08 Revised 9/3/99

NO. _____

| | | |
|---|---|---|
| SANDBOX LOGISTICS, LLC | § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY OILFIELD SERVICES, LLC and PROPPANT EXPRESS INVESTMENTS, LLC | § § § | _____ JUDICIAL DISTRICT |

**DECLARATION OF JOSH OREN**

STATE OF TEXAS       §
HARRIS COUNTY      §

My name is Josh Oren. I am more than eighteen years of age, I have personal knowledge of all factual statements contained herein, and all statements contained herein are true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the state of Texas that the foregoing is true and correct. Executed on the 10th day of November, 2016.

_____
Josh Oren

11/11/2016 3:39:28 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 13755336
By: CUERO, NELSON
Filed: 11/11/2016 3:39:28 PM

Unofficial Copy Office of Chris Daniel District Clerk

8