July 7, 2017

Via: CM/ECF System

The Honorable United States District Judge George C. Hanks, Jr.
U.S. District Courthouse
601 Rosenberg, Sixth Floor
Galveston, Texas 77550

Re:   Case No. 4:17-cv-00589, In the United States District Court of Texas, Houston Division; *SandBox Logistics, LLC et al. v. Proppant Express Investments, LLC, et al.*

Judge Hanks:

In light of the Court's questions during yesterday's hearing, Plaintiffs submit this letter brief to address three issues:

1. <u>There is a Circuit Split Regarding the Applicability of State Anti-SLAPP Statutes in Federal Court.</u>

    Nearly thirty states and the District of Columbia have passed some form of an anti-SLAPP statute.[1] While these statutes create similar procedures for moving to dismiss certain kinds of claims early in litigation, federal courts have taken varying approaches when determining whether anti-SLAPP statutes are enforceable in federal court. The D.C. and Seventh Circuits, for example, have held that anti-SLAPP statutes are not enforceable in federal court. *Abbas v. Foreign Policy Group, LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) ("A federal court exercising diversity jurisdiction therefore must apply Federal Rules 12 and 56 instead of the D.C. Anti–SLAPP Act's special motion to dismiss provision."); *Intercom Solutions, Inc. v. Basel Action Network*, 791 F.3d 729, 731 (7th Cir. 2015) (refusing to apply Washington's anti-SLAPP statute in federal court). On the other hand, the First and Ninth Circuits have applied anti-SLAPP statutes in federal court. *Godin v. Schencks*, 629 F.3d 79, 88 (1st Cir. 2010); *Makaeff v. Trump Univ., L.L.C.*, 736 F.3d 1180, 1184 (9th Cir. 2013). As explained below, however, the Ninth Circuit's position seems to be shifting towards the D.C. Circuit's view.

---

[1] *See State Anti-SLAPP Reference Chart*, PUBLIC PARTICIPATION PROJECT, http://www.anti-slapp.org/your-states-free-speech-protection/ (last visited July 6, 2017).

The Fifth Circuit has yet to rule as to the applicability of the TCPA in federal court. *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability . . .."); *see also Cuba v. Pylant*, 814 F.3d 701, 706 & n.6 (5th Cir. 2016) (assuming without deciding that the TCPA applies in federal court because the issue had not been raised on appeal). The Fifth Circuit did apply the Louisiana anti-SLAPP statute in *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164 (5th Cir. 2009), but two things stand out from the *Henry* opinion. First, the *Henry* court conducted no *Erie* analysis to determine whether the Louisiana statute (i) is procedural or substantive or (ii) conflicts with the Federal Rules of Civil Procedure. *Id.* at 168-69. Second, the *Henry* court relied on Ninth Circuit cases to find that anti-SLAPP laws are applicable in federal court. Yet as illustrated below, the Ninth Circuit's attitudes are changing.

2. The Ninth Circuit's Position is in Flux.

Once the trailblazer in promotion of the California anti-SLAPP statute, the Ninth Circuit has recently begun shifting towards alignment with the D.C. Circuit and against applicability of state anti-SLAPP statutes in federal court. In *Makaeff v. Trump Univ., L.L.C.*, 736 F.3d 1180 (9th Cir. 2013), a four-judge majority denied *en banc* review of the applicability of California's anti-SLAPP statute in federal court. But a vigorous dissent by Judges Kozinski and Watford urged the Ninth Circuit to revisit its earlier decisions applying California's anti-SLAPP statute in federal court, characterizing those decisions as mistakes inconsistent with "controlling Supreme Court precedent." *Id.* at 1188 (Watford, J., dissenting). This dissent influenced the D.C. Circuit to take a different approach. *Abbas*, 783 F.3d at 1336-37 ("we agree with Judge Kozinski and Judge Watford [that] . . . '[f]ederal courts have no business applying exotic state procedural rules which, of necessity, disrupt the comprehensive scheme embodied in the Federal Rules'").

Then in 2016, Judge Gould of the Ninth Circuit — who once supported the enforcement of anti-SLAPP statutes in federal court — changed his view. In a concurring opinion, he said: "I am now persuaded by Judge Kozinski's reasoning, as well as that of the D.C. Circuit . . . that an anti-SLAPP motion has no proper place in federal court in light of the Federal Rules of Civil Procedure . . . Having recognized that there was error in the position that I previously joined, I recede from

it." *Travelers Cas. Ins. Co. of Am. v. Hirsh* 831 F.3d 1179, 1186 (9th Cir. 2016) (Gould, J., concurring).

With the Ninth Circuit in flux, the law is moving towards a recognition that anti-SLAPP statutes are inapplicable in federal court, either because they are procedural in nature or because they conflict with Federal Rules 12(b)(6) and 56. Judge Graves' dissent in *Cuba*, which echoes the D.C. Circuit's opinion in *Abbas* and the recent Ninth Circuit shift, follows this trend by providing an *Erie* analysis that correctly concludes the TCPA is inapplicable in federal court. *Cuba v. Pylant*, 814 F.3d 701, 718-21 (5th Cir. 2016).

3. <u>Application of Anti-SLAPP Statutes in Federal Courts Undermines Uniformity of Federal Procedure.</u>

One purpose of the Federal Rules of Civil Procedure is to provide a uniform process "designed to ensure the just, speedy, and inexpensive determination of every action and proceeding" in federal court. *Cuba*, 814 F.3d at 720. The procedural rules in federal courts should therefore be consistent regardless of where each federal court is located. A federal district court in California should apply the same procedural rules as one sitting in New York, Texas, Kansas, and so on. But if state anti-SLAPP statutes are enforceable in federal court, uniformity is lost. Federal procedural rules would become a patchwork system that varied depending on the laws of the state in which a particular federal court sits.

Consider this scenario. If anti-SLAPP statutes are applicable in federal court, a plaintiff asserting defamation in a Texas federal court would likely face a TCPA motion to dismiss. That motion would impose different evidentiary requirements, shift the burden of proof, cut off the right to discovery, and impose a host of procedural deadlines that are not found in the Federal Rules. Meanwhile, a plaintiff asserting defamation in a federal court in Alabama — where there is no anti-SLAPP statute — would proceed under the traditional Federal Rules of Civil Procedure. It cannot be the case that different federal courts would apply different procedural rules to the same claim. Such a result would not only undermine the goals of uniformity and consistency in federal procedure, but also promote forum shopping in cases where a plaintiff can choose to bring suit in multiple states.

For these reasons, and as fully set forth in SandBox's briefing and oral

argument, SandBox respectfully requests that the Court find that the TCPA does not apply in federal court. Alternatively, if the Court would prefer to avoid wading into this legal issue, the TCPA motion can be denied because SandBox easily satisfies the TCPA's requirement of presenting "clear and specific evidence" to establish a *prima facie* case as to each element of its breach of contract claim. In fact, SandBox has so much evidence that a preliminary injunction is warranted.

Respectfully Submitted,

/s/ Matthew P. Whitley
Matthew P. Whitley
**BECK REDDEN LLP**
Counsel for Plaintiffs
SandBox Logistics, LLC, and
Oren Technologies, LLC