United States District Court
Southern District of Texas
**ENTERED**
August 15, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDBOX LOGISTICS LLC, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | § CIVIL ACTION NO. 4:17-CV-589 |
| | § |
| PROPPANT EXPRESS INVESTMENTS | § |
| LLC, *et al*, | § |
| | § |
| Defendants. | § |

### ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunction.[1] Dkt. 5. Based on the pleadings; the motion, response, and reply; the applicable law; and the arguments of counsel, the motion for preliminary injunction is denied. The reasons for the ruling are explained below.

### I. Background

Plaintiffs SandBox Logistics, LLC and Oren Technologies, LLC (together, "SandBox") developed processes and technology related to the storage and delivery of proppant. Proppant is a material that is essential to hydraulic fracturing ("fracking"). SandBox held several patents granted by the United States Patent and Trademark Office ("PTO") in this field. In 2014, SandBox and Defendant Liberty Oilfield Services, LLC ("Liberty") entered into a Technology License Master Agreement (the "Agreement").

---

[1] Plaintiffs originally filed their Complaint in Houston, and the case was originally before Chief Judge Rosenthal. The parties in a related case before this Court, *Sandbox Logistics LLC et al v. Grit Energy Solutions LLC*, 3:16-cv-012, notified the Court of the relation between the two cases. After hearing argument from counsel in the Galveston case, this case was transferred to the Galveston Division by agreement between the judges. Dkt. 11.

The Agreement granted Liberty a limited license for the use of SandBox's processes. The Agreement contained a forum selection clause prohibiting Liberty from challenging any patent outside of Houston, Texas.

After signing the Agreement, Liberty and various competitors of SandBox[2] discussed forming a joint venture that eventually became Proppant Express Investments, LLC and Proppant Express Solutions, LLC (together, "PropX"). PropX was to be an LLC that "develop[ed] systems used in the delivery of proppant to the well site for hydraulic fracturing." Dkt. 52, p. 9.

PropX was eventually formed in April 2016. According to PropX, the forming entities were worried that Liberty's Agreement with SandBox would subject PropX to an injunction. In September, 2016, the entities forming PropX published a Contribution Agreement stating that Liberty was not a member of PropX. They further declared that Liberty could not join PropX until it resolved its contractual issues with SandBox.

In January 2016, SandBox had filed a patent infringement claim against Grit in this Court (3:16-cv-012).[3] SandBox asserted patent infringement claims as well as claims for unfair competition and fraud. SandBox then learned that PropX intended to petition for an *inter partes review* ("IPR") with the PTO's Patent Trial and Appeal Board ("PTAB"). In response, SandBox filed a complaint against Liberty and PropX in the

---

[2] Such competitors included Grit Energy Solutions, LLC ("Grit"); Hi-Crush Partners LP; BulkTracer Holdings, LLC; and TripleBBB, LLC.

[3] The original complaint also named PropX as a Defendant and included patent infringement claims for patents ending in 118 and 341. SandBox's First Amended Complaint did not include PropX as a party. A subsequent stipulation dismissed the patent infringement claims regarding 118 and 341 with prejudice.

234th District Court of Harris County, Texas, seeking an injunction against the IPR (Case No. 201678407). After the state court denied SandBox's motion for preliminary injunction, Grit filed an IPR petition regarding SandBox's "341" patent in January 2017.[4]

SandBox filed a Complaint against Liberty and PropX in response, asserting claims for patent infringement and breach of contract. SandBox originally filed the Complaint in the Southern District of Texas—Houston Division. Because this case was related to SandBox's suit against Grit, this case was transferred from Chief Judge Rosenthal to this Court. Dkt. 11. SandBox then filed the instant motion for preliminary injunction (Dkt. 5) and the subsequent Motion to Set Preliminary Injunction Hearing and to Conduct Limited Pre-Hearing Discovery (Dkt. 8). The Court granted SandBox's motion, ordering limited discovery and scheduling a preliminary injunction hearing. The Court held the preliminary injunction hearing on June 6, 2017. All parties provided oral argument at the hearing, which lasted approximately 3.5 hours. SandBox's preliminary injunction motion seeks to restrain:

> Liberty and PropX, along with their officers, agents, servants, employees, attorneys and any other person or entity who are acting in concert with them, including Grit Energy Solutions, LLC, from filing, prosecuting, funding, assisting others to prosecute, or otherwise participating in an IPR challenging the enforceability of any SandBox patents in violation of the Agreement's forum selection clause.

Dkt. 5, p. 27. Although neither PropX nor Grit signed the Agreement, SandBox believes they should be bound to the Agreement's forum selection clause through the theories of alter ego, agency, and intertwined claims estoppel.

---

[4] The court based its decision on its lack of subject matter jurisdiction. It later dismissed the case on the same basis.

## II. Standard of Review

The Fifth Circuit recently approved the following framework for determining whether to grant a preliminary injunction:

> The purpose of a preliminary injunction is to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. To be entitled to a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction.

*City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) (quoting *City of Dallas v. Delta Airlines, Inc.*, Civil Action No. 3:15-CV-2069-K, 2016 WL 98604, at *6 (N.D. Tex. Jan. 8, 2016) (vacated in part on other grounds)). The Court therefore examines the facts to determine whether SandBox has clearly carried the burden of persuasion by meeting all four of the above requirements.

## III. The *Inter Partes Review* Framework

Grit petitioned the PTAB for an *inter partes review* of SandBox's Patent 341. Under 35 U.S.C. §311, "a person who is not the owner of a patent may file with the Office a petition to institute an inter partes review of the patent." 35 U.S.C. § 311(a) (2013). Such a person "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 ...." 35 U.S.C. § 311(b). Sections 102 and 103 provide for conditions of patentability, including novelty

and non-obvious subject matter. 35 U.S.C. §§ 102, 103. Section 312 provides several requirements that the petitioner must meet before the PTAB Director (the "Director") will consider the petition. Of note, an IPR petition will only be considered if the petition identifies all real parties in interest." 35 U.S.C. § 312(a)(2). The patent owner may file a preliminary response, setting forth reasons why the IPR should not be instituted because of the petitioner's failure to meet a requirement. 35 U.S.C. § 313. Further, no IPR will occur unless the Director determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). The Director promulgates regulations that set forth standards and procedures for conducting discovery; prescribing sanctions; providing protective orders to protect confidential information; allowing the patent owner to amend the patent; and providing the parties with an oral hearing. 35 U.S.C. § 316(a)(1)-(10). In an IPR, the petitioner "shall have the burden of proving a proposition of unpatentability by a preponderance of the evidence." 35 U.S.C. § 316(e). The final decision of the PTAB is appealable by any party. 35 U.S.C. § 319.

## IV. Preliminary Injunction Analysis

The Court finds that it need only address the second preliminary injunction requirement to find that such relief is not warranted here. SandBox argues that the violation of a forum selection clause constitutes an irreparable harm as a matter of law. The injury, according to SandBox, lies in the form of deprivation of a bargained-for forum. SandBox avers that "Liberty's efforts to disregard the parties' Agreement—and

move the patent battle to an administrative proceeding in Virginia—have caused (and will continue to cause) irreparable harm to SandBox." Dkt. 5, p. 19.

A preliminary injunction is an "extraordinary equitable remedy" that "requires that the plaintiff demonstrate that, without injunctive relief, [it] will suffer an irreparable injury for which damages are an inadequate remedy." *Jones v. Am. Council on Exercise*, Civil Action H-15-3270, 2017 WL 1164306, at *10 (S.D. Tex. Mar. 29, 2017) (quoting *Brennan's, Inc. v. Brennan*, 289 F. App'x 706, 707 (5th Cir. 2008)). Further, the injury must be actual and imminent. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), *cert. denied*, 432 U.S. 930 (1975). The injury cannot be speculative. *Watson v. Fed. Emergency Mgmt. Agency*, 437 F. Supp. 2d 638, 648 (S.D. Tex. 2006), *vacated*, 2006 WL 3420613 (5th Cir. 2006).

Here, the Court finds that SandBox's allegations of injury are merely speculative. It is true that the violation of a forum selection clause may constitute an irreparable injury. However, there is an additional wrinkle here: Liberty has not filed an IPR and PropX—which did file an IPR—was not a signatory to the Agreement containing a forum selection clause. To decide whether PropX was bound to honor the forum selection clause would be to decide the case on its merits.[5]

Further, the only IPR filed thus far concerned the patent ending in 341. Notably, this patent is not the subject of SandBox's Complaint against Liberty and PropX. To

---

[5] SandBox thus attempts to inextricably link the 'irreparable harm' requirement with the 'likelihood of success' requirement. However, the Court cannot say that SandBox has clearly demonstrated that it would prevail on the merits. A 'likelihood of success' analysis—if required—would not weigh heavily in favor of SandBox.

enter a preliminary injunction based on the possibility that the defendants may choose to petition for further IPRs against SandBox patents is the very definition of "speculative."

Finally—and perhaps most importantly—the PTAB may indeed decide not to consider the IPR for the same reasons that SandBox provides here in support of its motion. Specifically, PropX was required to identify in its IPR petition the names of all real parties. *See* 35 U.S.C. § 312(a)(2). SandBox had the opportunity to file a preliminary response to the IPR showing that PropX had failed to identify all real parties. Should the PTAB determine that Liberty is a real party to the petition, it will likely decline to consider the IPR. SandBox would have suffered no harm in that scenario. Because the petition has already been filed, the PTAB should have the chance to decide whether to consider it.

## V. Conclusion

SandBox has not clearly shown that there is a substantial threat of irreparable injury. Therefore, the Court need not proceed with an analysis of the remaining requirements. A preliminary injunction is an extraordinary equitable remedy. SandBox has failed to prove that an injunction is necessary to preserve the status quo and prevent irreparable harm. The motion is therefore **DENIED**.

SIGNED on August 14, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge