# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Gianni Cutri, P.C.
To Call Writer Directly:
+1 312 862 3372
gianni.cutri@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

July 18, 2018

**Via Electronic Court Filing**
The Honorable George C. Hanks, Jr.
United States District Judge
U.S. District Courthouse
601 Rosenberg, Sixth Floor
Galveston, Texas 77550

Re: *Case No. 4:17-cv-00589, In the United States District Court of Texas, Houston Division; SandBox Logistics, LLC et al. v. Proppant Express Investments, LLC et al.*

*Case No. 3:16-cv-00012, In the United States District Court of Texas, Galveston Division; SandBox Logistics, LLC et al. v. Grit Energy Solutions, LLC et al.*

Dear Judge Hanks:

SandBox seeks the Court's assistance to resolve a dispute regarding reducing the number of claims asserted for infringement and prior art combinations asserted for invalidity.

*Plaintiffs' positon:*

Courts routinely streamline patent cases by requiring that plaintiffs limit the number of asserted claims and that accused infringers limit the number of prior art invalidity arguments. *See, e.g.*, Eastern District of Texas [Model] Order Focusing Patent Claims and Prior Art to Reduce Costs (Ex. 1); *see also Confluent Surgical, Inc. v. HyperBranch Medical Tech., Inc.*, No. 17-cv-688 (D. Del. Oct. 30, 2017) (Ex. 2); *Greatbatch Ltd. v. AVX Corp.*, No. 13-cv-723, Dkt. 368 (D. Del. July 28, 2015) (Ex. 3); *Fontem Ventures, B.V. v. NJOY, Inc.*, No. 14-cv-1645, Dkt. 219 (N.D. Cal. July 20, 2015) (Ex. 4). This reduction is often staged throughout discovery (and often agreed to by the parties), and serves the mutually beneficial purpose of reducing the expense and complexity of patent cases. SandBox has asked Defendants to cooperate by agreeing to reasonable limits, but Defendants have rebuffed SandBox's attempts to make the validity side of this case even remotely manageable, causing severe prejudice to SandBox.

## KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
United States District Judge
July 18, 2018
Page 2

This case is at an advanced stage, yet Defendants' invalidity assertions are not at all reflective of the well-developed validity disputes that have come to light in the parallel *inter partes* review (IPR) proceedings, where Defendants have challenged the validity of all asserted claims. Rather than present a streamlined invalidity case, the invalidity assertions in Defendants' expert report (served June 29) are undecipherable, due in large part to the unwieldly number of invalidity assertions that Defendants attempt to maintain. For example, Defendants seek to assert well ***over 1000 obviousness combinations*** in their invalidity expert report, which is clearly unreasonable at this stage of the case and puts SandBox in the impossible position of trying to respond to these specious arguments and prepare for trial without knowing what Defendants' invalidity arguments might actually be. The inordinate number of obviousness combinations in Defendants' expert report is particularly unreasonable given that Defendants have already filed IPRs against the asserted claims, and indeed those IPRs identified a small number of specific prior art combinations as allegedly invalidating the asserted claims. At this late stage, where the key validity disputes have already been laid bare in the IPRs, Defendants' prior art reduction should be a straightforward and uncontroversial task.

It is time—in fact, long overdue—for Defendants to start making significant reductions to their invalidity assertions in this case. SandBox has already taken significant steps to streamline its asserted claims, including dismissing an asserted patent in its entirety and asserting only a small fraction of the claims in the asserted patents, and will continue to uphold its end of the bargain by making further reductions. SandBox has sought Defendants' cooperation in making corresponding reasonable reductions to their invalidity assertions. But ***Defendants have refused to agree to any prior art reduction***, at least until after their IPRs have been decided, effectively seeking to hold in abeyance the invalidity proceedings in this case. This Court has already rejected Defendants' attempt to stay the case pending Defendants' IPRs, which will not be complete until September 2019 (not including appeals), well after the December 2018 trial.

SandBox respectfully requests that the Court order a staged reduction in the number of asserted claims and prior art arguments, as described in the Proposed Order attached hereto. The limits proposed by SandBox, that SandBox reduce its number of asserted claims to 30 and then 16, and that Defendants reduce their number of prior art arguments to 120 and then 48, are fair and mutually beneficial. The staged reduction should take place as part of expert discovery, to allow for focused summary judgment briefing and preparation for trial. Defendants' proposal of "no reduction" is not a tenable solution, and belied by courts throughout the country that expect and require parties to take reasonable steps to streamline patent cases well before trial. SandBox's proposal is eminently reasonable under the circumstances and consistent with precedent. *See, e.g.,* Exs. 2-4 (ordering staged reduction of asserted claims and prior art arguments).

# KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
United States District Judge
July 18, 2018
Page 3

***Defendants' position:***

SandBox seeks a Court order to force Defendants to reduce their number of invalidity defenses – when Defendants have only raised ***thirteen prior art references*** in defense to ***52 patent claims*** SandBox has asserted in this case. There is no law or rule of Court to justify SandBox's request. And for the reasons explained below, the timing and manner of SandBox's proposal are not logical.

Neither the Local Patent Rules nor common practice for this District compel defendants to further reduce their invalidity defenses before trial. SandBox cites an Eastern District of Texas Model Order that has not been adopted as the model order by this district's local patent rules, or by judges in the Eastern District under these circumstances. *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 6559169, at *2 (E.D. Tex. Dec. 22, 2017) (Gilstrap, J.) (denying Motion for Entry of a Model Order because "[w]hile the Model Order may, in appropriate circumstances, provide useful guideposts at the outset of litigation in reducing claims as a case develops, at this point the Court finds that it is not the best vehicle to narrow the claims to be presented at trial.") Other district courts around the country have similarly refused to enter such model orders. In *Krausz Indus. Ltd. v. Smith-Blair Inc. et al*, the district denied Plaintiff's motion to limit the number of prior art references and combinations and rejected the Plaintiff's argument based on a "Model Order Limiting Prior Art" because "the Model Order has not been endorsed by the Federal Circuit or this court … has not been incorporated by this court previously into its patent cases, and it has not been incorporated or referenced in this court's Local Patent Rules." No. 5:12-CV-570-FL, 2016 WL 1574042, at *4 (E.D.N.C. Apr. 19, 2016).

Further, Defendants will not be in a reasonable position to further reduce their defenses until they learn more from the parallel proceedings in the IPRs, any reconsideration of claim construction rulings, and dispositive motion practice in this case over the next several months.

SandBox complains that Defendants should narrow their invalidity arguments because Defendants PropX and Grit have co-pending IPR arguments. That argument misses the mark for two reasons. First, Defendant Liberty is not a party to these IPRs, and have not selected or made any invalidity arguments to the PTAB. Second, although about half of the thirteen references are also asserted in the co-pending IPRs, Sandbox has refused to stay this case pending the IPRs, forcing the parties to litigate these invalidity arguments in both proceedings. Defendants also assert additional references because Defendants do not know whether or how estoppel resulting from the IPRs under 35 U.S.C. § 315(e)(2) will affect this litigation, again, because Sandbox wants to pursue this litigation in parallel with the IPRs.

SandBox argues that the IPRs will not provide timely information to allow reduction of prior art. That is not true. Defendants will have more information before trial from the parallel

## KIRKLAND & ELLIS LLP

The Honorable George C. Hanks, Jr.
United States District Judge
July 18, 2018
Page 4

IPR proceedings that will affect the selection of prior art. Over the next few months, PropX expects resolution of a motion to terminate IPR proceedings for several asserted patents, an institution decision for another patent, and oral arguments for several patents. These events will shape whether and how estoppel may affect this case, which will affect which prior art references Defendants select for trial.

Moreover, Defendants cannot reasonably reduce their invalidity arguments without knowing which, if any, of Sandbox's equivalent infringement theories proceed to trial. Based on the recent claim construction order, Defendants do not literally infringe any of Sandbox's patents. But Sandbox also alleges that Defendants infringe under the doctrine of equivalents, even though legal principles should prevent Sandbox from asserting the doctrine here. Defendants expect dispositive motions of non-infringement will determine which, if any, equivalents theories will be allowed to proceed, which will affect which references Defendants select for trial because an equivalents theory that allows SandBox's patents to cover Defendants' product(s) and process(es) will also bring those patents within scope of prior art references.

Sandbox has not identified any real harm to waiting for more information before selecting infringement claims and prior art references for trial. The proposed narrowing will not affect expert reports, which address all asserted infringement claims and invalidity defenses. Sandbox does not articulate how the narrowing would "focus" summary judgment practice. Sandbox has stated in conference that the invalidity combinations "complicate" the deposition of Defendants' invalidity expert, but complication to one deposition is not a sufficient reason to eliminate the majority of the Defendants' invalidity defenses. To further show the illusory nature of this alleged "prejudice," Sandbox has refused an offer to delay the deposition of Defendants' invalidity expert.

Defendants have ***already reduced*** the number of prior art references from its invalidity contentions to its expert report ***from 38 to 13***. Using SandBox's claim that Defendants assert over 1000 combinations (with which Defendants do not agree), Sandbox wants defendants to ***further reduce*** its prior art invalidity defenses by ***over 80%*** (over 1000 combination reduced to 120) without a comparable reduction by SandBox in the number of asserted claims. Sandbox proposes to reduce its claims from 52 to only 30 (a 42% reduction). Even that offer does not ensure that the reduction will eliminate any of the 64 unique claim elements across the asserted claims, which would require inclusion of a corresponding variety of combinations of the prior art references to address. Tellingly, SandBox has refused to commit to any claim reduction that would meaningfully reduce the number of unique claim elements asserted against the Defendants.

**KIRKLAND & ELLIS LLP**

The Honorable George C. Hanks, Jr.
United States District Judge
July 18, 2018
Page 5

                                        Respectfully Submitted,

                                        <u>Gianni Cutri, P.C.</u>

cc: *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs conferred with counsel for Defendants via email on July 6, 8, 9, and 11, and via phone on July 13 to discuss the issues above.  The parties were unable to reach agreement.

/s/ Gianni Cutri

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel who have consented to electronic service on July 18, 2018 via electronic mail.

/s/ Gianni Cutri