# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREATBATCH LTD., | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-723-LPS |
| AVX CORPORATION and AVX FILTERS CORPORATION, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this **28th** day of **July, 2015**:

Having reviewed the parties' letter briefs with respect to narrowing the number of asserted patent claims and prior art references (D.I. 360, 361, 366, 367),

**IT IS HEREBY ORDERED** that the asserted claims and prior art references shall be narrowed as explained below.

1. On or before **August 7, 2015**, Plaintiff shall narrow the number of asserted claims to no more than **fifteen (15)** and shall identify these claims to Defendants. Plaintiff may select these claims from any or all of the five (5) remaining asserted patents, but Plaintiff may not assert any claims of U.S. Patent No. 7,035,077 ("'077 patent").[1] In other words, there is no per-patent

---

[1] Defendants state in their opening letter that Plaintiff "refuses to dismiss its claims regarding the '077 patent" despite "not asserting infringement" of this patent. (D.I. 360 at 1 n.2) Plaintiff states in one of its letters that it "withdrew all its contentions relating to the '077 patent." (D.I. 361 at 1) Under these circumstances, at this point in the case, it would be unfairly prejudicial to Defendants to allow Plaintiff to present new arguments related to the '077 patent or revive old ones.

1

limit on the number of asserted claims, as long as the asserted claims are chosen from the patents that are currently being asserted against Defendants. The Court believes this narrowing is proper in light of the complexity of the subject matter at issue in the asserted patents, the number of patents that remain asserted in this case, and the parties' competing proposals for how many claims should remain asserted prior to summary judgment (twenty-four (24) according to Plaintiff and fifteen (15) according to Defendants). (*See* D.I. 360 at 1; D.I. 361 at 2)

2. On or before **August 17, 2015**, Defendants shall narrow the number of prior art references to no more than **twenty (20)** total references and shall identify these references to Plaintiff. In addition, on or before **August 17, 2015**, Defendants shall identify to Plaintiff no more than **sixty (60)** prior art combinations that may be used for arguing obviousness. In this context, a "prior art combination" shall be understood to be a combination of two or more prior art references *per claim*. Thus, for example, if two prior art references are combined to argue obviousness for three different claims, this would count as *three* prior art combinations (even though each combination consists of the same two references). In addition, combinations that are listed as "and/or" alternatives (for example, "A and/or B and/or C") shall constitute as many combinations as can be formed based on what is stated. For example, a combination that lists "A and/or B and/or C" shall count as *four* prior art combinations: "A and B," "A and C," "B and C," and "A, B, and C." There is no per-patent limit on the number of prior art combinations or prior art references.

3. The parties will only be permitted to modify their elections made pursuant to this Order for good cause, and the Court will not allow changes to the parties' elections solely on the basis of any decisions by the Patent Trial and Appeal Board ("PTAB") related to any *inter partes*

2

review ("IPR") petitions involving the asserted claims, including IPR no. IPR2014-00697, which relates to U.S. Patent No. 5,905,627 ("'627 patent").[2]

**IT IS FURTHER ORDERED** that the parties shall adhere to the page limits for summary judgment briefing set forth in paragraph 13 of the Scheduling Order (D.I. 79), and the parties shall not stipulate or move the Court to amend these page limits.[3] Specifically, the following page limits shall apply:

> Each party is permitted to file as many case dispositive motions as desired; provided, however, that each party will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.

(D.I. 79)

**IT IS FURTHER ORDERED** that the teleconference scheduled for August 7, 2015 at 4:30 p.m. is **CANCELLED**.

HON. LEONARD P. STARK
U.S. DISTRICT COURT JUDGE

---

[2]Plaintiff "seeks to reserve the right to change the asserted claims" from the '627 patent "based on the outcome" of the aforementioned IPR petition. (D.I. 360 at 2) Defendants argue against this. (*See* D.I. 367 at 2) The Court agrees with Defendants that, given the PTAB's statutory deadline of October 27, 2015 for ruling on the IPR petition, it would be unfairly prejudicial to allow Plaintiff to wait until after the PTAB rules to modify its asserted claims, given the late stage of the case.

[3]Defendants indicate that the parties may be considering a change to these page limits, stating: "the parties have begun negotiating appropriate page limits for summary judgment briefs and have been unable to reach agreement." (*See* D.I. 360 at 3)

3