United States District Court
Southern District of Texas
**ENTERED**
September 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDBOX LOGISTICS LLC, *et al*, § § Plaintiffs, § VS. § PROPPANT EXPRESS INVESTMENTS § LLC, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:17-CV-589 |

## CLAIM LIMITATION ORDER

The plaintiffs have filed a request to limit the numbers of claims and prior art invalidity arguments that the parties can assert (Dkt. 247 at p. 2). The defendants oppose the request (Dkt. 247 at pp. 3–4). The Court will limit the numbers of claims and prior art invalidity arguments as explained below.

"District courts may limit the number of patent claims asserted in an action for patent infringement for the sake of judicial economy and management of a court's docket." *West View Research, LLC v. BMW of North America, LLC*, No. 16-CV-2590, 2017 WL 606511, at *1 (S.D. Cal. Feb. 15, 2017) (citing *In re Katz Interactive Call Processing Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011)). In determining whether to require parties to limit the numbers of claims and prior art references asserted, district courts look to: (1) the number of patents and claims at issue; (2) the feasibility of trying the claims to a jury; (3) whether the patents at issue have common genealogy; (4) whether the patents contain terminal disclaimers; and (5) whether the asserted claims are duplicative. *Thought, Inc. v. Oracle Corp.*, No. 12-CV-5601, 2013 WL 5587559, at *2

(N.D. Cal. Oct. 10, 2013) (citing *In re Katz*, 639 F.3d at 1311). If it requires the parties to limit the numbers of claims and prior art references asserted, the district court should allow the parties to add additional selections, or to modify the selections they have made, upon a showing of good cause. *Masimo Corp. v. Philips Electronics North America Corp.*, 918 F. Supp. 2d 277, 283–85 (D. Del. 2013); *see also In re Katz*, 639 F.3d at 1312; *Stamps.com Inc. v. Endicia, Inc.*, 437 Fed. App'x 897, 902 (Fed. Cir. 2011).

The plaintiffs propose a phased limitation on the numbers of claims and prior art invalidity arguments. Currently, the plaintiffs assert 52 claims. The defendants assert 13 prior art references, though the plaintiffs argue that those 13 references give rise to 1,987 different prior art combinations. Under the plaintiffs' proposal, the plaintiffs would limit the number of their claims to 30 at phase one and to 16 at phase two. The defendants would limit the number of their prior art invalidity arguments to 120 at phase one and to 48 at phase two, with each asserted prior art reference or combination of prior art references counting as a separate invalidity argument and with anticipating and obviating references each counting as separate invalidity arguments (Dkt. 247 at p. 2; Dkt. 247-5 at p. 2). There are four patents at issue in this case, so the plaintiffs' proposal would ultimately reduce the number of claims per patent to four and the number of prior art invalidity arguments per patent to 12. Numerically, the plaintiffs' proposal is in line with limitation orders entered in other districts, and the Court finds those districts' discussions persuasive. *See, e.g., Medtronic Minimed Inc. v. Animas Corp.*, No. CV-12-4471, 2013 WL 3322248, at *3 (C.D. Cal. Apr. 5, 2013) (implementing phased reduction in number of claims from 255 over nine patents to 36 and then to 18); *Fenster Family Patent*

*Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, Civ. Action No. 04-0038, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (in a case involving 90 claims and eight unrelated patents, limiting plaintiff "to ten (10) claims and five (5) products asserted"); *Verizon California Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003) (in a case involving 16 patents, limiting plaintiff to three claims per patent); *Thought, Inc.*, 2013 WL 5587559, at *4 (in a case involving seven patents, limiting plaintiff to five claims per patent and 16 claims in total and limiting defendant to nine prior art invalidity arguments per patent and 50 prior art invalidity arguments in total).

The Court will adopt the plaintiffs' proposal. This lawsuit has progressed to a point where the parties should be able to pare down their claims and prior art invalidity arguments. Since three of the four patents at issue in this case describe the same invention and share a specification, a limitation on the number of claims and prior art invalidity arguments will help streamline this lawsuit without compromising the parties' ability to present their respective cases. If the limits proposed by the plaintiff prove too restrictive, the Court will modify those limits if the requesting party establishes good cause for the modification.

The Court imposes the following numerical limitations:

1. By September 28, 2018, the plaintiffs shall file a Preliminary Election of Asserted Claims and reduce their number of asserted claims to no more than 30 total claims.

2. By October 5, 2018, the defendants shall file a Preliminary Election of Asserted Prior Art and reduce their invalidity assertions under 35 U.S.C. §§ 102 and 103 to no more than 120 prior art arguments.

3. By October 26, 2018, the plaintiffs shall file a Final Election of Asserted Claims and reduce their number of asserted claims to no more than 16 total claims.

4. By November 2, 2018, the defendants shall file a Final Election of Asserted Prior Art and reduce their invalidity assertions under 35 U.S.C. §§ 102 and 103 to no more than 48 prior art arguments.

With regard to prior art arguments, each asserted individual prior art reference or combination of prior art references will count as a separate invalidity argument, even if an individual prior art reference is also listed as part of a combination of prior art references; and each anticipating or obviating reference will count as a separate invalidity argument, even if the same prior art reference is used to make both an anticipation argument and an obviousness argument.

Prior to making their final elections, the parties may move to add additional selections or to modify the selections they have made. The Court will allow the addition or modification upon a showing of good cause.

SIGNED at Galveston, Texas, this 12th day of September, 2018.

_____
George C. Hanks Jr.
United States District Judge