# NORTON ROSE FULBRIGHT

September 14, 2018

**Via Electronic Court Filing**

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
United States

The Honorable George C. Hanks Jr.
United States District Court Judge
United States Courthouse
601 Rosenberg, Sixth Floor
Galveston, Texas 77550

**Charles B. Walker, Jr.**
**Head of IP Disputes**, United States
Direct line +1 713 651 5203
charles.walker@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246
nortonrosefulbright.com

Re:   Civil Action No. 4:17-CV-00589; *Sandbox Logistics LLC and Oren Technologies, LLC v. Proppant Express Investments, LLC; Proppant Express Solutions, LLC; and Liberty Oilfield Services, LLC*

Dear Judge Hanks:

Defendants oppose SandBox's request to strike Defendants' supplemental invalidity contentions and expert report.  Defendants' supplemental contentions and report are explicitly permitted by local patent rules, a result of SandBox's own disregard of its discovery obligations in this case, and present no prejudice to SandBox, as SandBox has been faced with the identical invalidity theories since at least March of this year in a related *inter partes* review ("IPR").

## Defendants' Amended Invalidity Contentions are Permitted by Local Patent Rules, Responsive to Plaintiffs' Amended Infringement Contentions, and Not Prejudicial to Plaintiffs

The propriety of Defendants' addition of three prior art references starts and ends with the local patent rules.  Under those rules, Defendants may amend their invalidity contentions as a matter of right and without restriction in one instance: when Plaintiffs serve amended infringement contentions.  The relevant rule is P.R. 3-6(c)(1), which reads as follows:

> [**3-6(c)**] By the deadline set in the Scheduling Order, *each party opposing a claim of patent infringement may serve, without leave of court, "Final Invalidity Contentions" that amend that party's "Preliminary Invalidity Contentions" with respect to the information required by P.R. 3-3, if either:*

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

73437571.1

> *(1) a party claiming patent infringement has served amended infringement contentions under P.R. 3-6(a) or "Final Infringement Contentions" under P.R. 3-6(b),* or
>
> (2) the party opposing a patent infringement claim has good cause to believe that the Court's Claim Construction Ruling requires the amendment.

That is exactly the situation here. SandBox opened the door to amended invalidity contentions when it served amended infringement contentions (should those contentions be permitted).

SandBox misunderstands the local patent rules and Defendants' invalidity contentions in arguing the contentions should be struck because they are not responsive to SandBox's amended infringement contentions. First, the local patent rules contain no limitation on the scope of Defendants' amended invalidity contentions when SandBox amends its infringement contentions. SandBox attempts to read limitations into the rules when it argues that the invalidity contentions can only be responsive to SandBox's amendment. Confirming there is no limitation on scope in this instance, in other instances the local patent rules *do* limit the scope of amended contentions. For instance, P.R. 3-6(c)(2) only permits Defendants to amend invalidity contentions in response to the Court's claim construction ruling if good cause "requires *the amendment*." In sum, the rules identify instances where amending invalidity contentions is limited, and this is not one of them.

Second, the contentions are responsive to SandBox's amended infringement contentions. SandBox changed its infringement theories relating to two method steps found in all asserted claims of the '785 Patent. Defendants have in turn added three additional prior art references showing that all asserted claims of the '785 Patent are invalid.

Finally, adding the three prior references (Luharuka, Wietgrefe, and Hurst) presents no prejudice to SandBox because SandBox has been combatting this exact combination of prior art references in IPRs since March of this year. *See '785 IPR*, Ex. 1 at ii (listing Luharuka, Wietgrefe, and Hurst in the overview of "Invalidating Prior Art" for the '785 Patent). Additionally, SandBox had the opportunity to depose Defendants' invalidity expert on these issues on September 13, 2018.

NORTON ROSE FULBRIGHT

### **Defendants' Supplemental Opinion Regarding the Harris Reference's Status as Prior Art is a Permissible Product of SandBox's Eleventh Hour Change in Position on that Issue and Presents no Prejudice to SandBox**

The Court should also reject SandBox's request to strike Defendants' invalidity expert's opinion regarding the status of the Harris reference as prior art. Defendants were forced to provide this supplement regarding the status of the Harris reference as prior art because SandBox initially admitted that the Harris reference is prior art but, without warning, disputed the Harris reference's status as prior in its rebuttal expert report regarding validity. As background, Defendant Grit identified the Harris reference as prior art to SandBox's patents as far back as October of **2016**. Since then, it has been identified in all of Defendants' invalidity contentions and supplements thereto. In September of 2017, Defendant Liberty served an interrogatory on SandBox requesting that SandBox identify, for each asserted patent, "all Prior Art of which you are aware, including without limitation, . . . all patents and publications filed, published, dated known, or occurring prior to the Asserted Patent's priority date. . . . " *Liberty Interrogatories*, Ex. 3 at Interrogatory 6. In response SandBox unambiguously identified the prior art listed in Defendants' invalidity contentions: "***SandBox further identifies the prior art listed in Defendants' P.R. 3-3 disclosures.***" *Id.* at Response to Interrogatory 6. This, of course, included the Harris reference.[1]

SandBox's July 2018 validity report was the first indication that SandBox disputes the Harris reference's status as prior art. While Defendants do not believe SandBox is permitted to change its position on the status of the Harris reference as prior art at this late juncture, as a precaution, Defendants served a supplemental invalidity report addressing the previously undisputed issue of the Harris reference's status as prior art. Accordingly, the supplemental report regarding the Harris reference was necessary and proper because of SandBox's discovery gamesmanship. The Court should not reward SandBox's gamesmanship by striking Defendants' supplemental report.

As a final note, there is no prejudice to SandBox from the supplemental report regarding the Harris reference because SandBox has known that Defendants contend the Harris reference is prior art since 2016 and SandBox has been on notice of the specific basis for contending that the Harris reference is prior art since March of 2018, when PropX filed its IPR on the '785 patent based in part on Harris. *See '785 IPR*, Ex. 1 at 6-15 (explaining why the Harris reference is prior art). Additionally, SandBox had the opportunity to depose Defendants' invalidity expert on this issue on September 13, 2018.

---

[1] SandBox also admitted that all prior cited in the prosecution history of the '785 Patent is prior art. *Id.* This also includes the Harris reference, which is listed on the cover of the '785 Patent as a cited reference. *See* Dkt. 1-3 at 3 (listing "2014/0083554 . . . Harris").

NORTON ROSE FULBRIGHT

Page 4

      For these reasons, SandBox's request to strike Defendants' supplemental invalidity contentions and expert report should be denied.

Sincerely,

*/s/ Charles B. Walker, Jr.*
Charles B. Walker, Jr.
Counsel for Proppant Express

73437571.1

NORTON ROSE FULBRIGHT

Page 5

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 14, 2018, the foregoing document was filed electronically and served upon known counsel for Defendants via the court's CM/ECF filing system and electronic mail.

/s/Charles B. Walker, Jr.

Charles B. Walker, Jr.

73437571.1