IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDBOX LOGISTICS, LLC; and OREN TECHNOLOGIES, LLC § § § | |
| v. § | Civil Action No. 4:17cv00589 |
| § | |
| PROPPANT EXPRESS INVESTMENTS, LLC; PROPPANT EXPRESS SOLUTIONS, LLC; and LIBERTY OILFIELD SERVICES, LLC § § § § § | JURY TRIAL DEMANDED |

## DISMISSAL ORDER AND FINAL JUDGMENT

Based upon this Court's Memorandum Opinion On Claim Construction, Dkt. 234, Plaintiffs SandBox Logistics, LLC and Oren Technologies, LLC (collectively, "Plaintiffs") have stipulated below that none of the products or methods of Defendants Proppant Express Investments, LLC and Proppant Express Solutions, LLC (collectively, "Defendants") that are accused of infringement in Plaintiffs' First Amended Complaint, Dkt. 35, (the "Accused Products and Methods") infringe claims 2 and 13 of U.S. Patent No. 9,296,518 (the "'518 patent"), claims 6 and 17 of U.S. Patent No. 9,403,626 (the "'626 patent"), claims 1, 3, 7, 8, 16, 18, 19, 21, 22, and 23 of U.S. Patent No. 9,440,785 (the "'785 patent"), and claims 4 and 7 of U.S. Patent No. 9,511,929 (the "'929 patent") (collectively, the "Asserted Claims").

The parties stipulate as follow:

1. This is a patent infringement action brought by Plaintiffs against Defendants. Defendants have asserted defenses and counterclaims of non-infringement, invalidity, and unenforceability.

2. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

3. The patents-in-suit are the '518 patent, the '626 patent, the '785 patent, and the '929 patent. Plaintiffs allege that Oren Technologies, LLC is the assignee of the full title and interest to the patents-in-suit and SandBox Logistics, LLC is the exclusive licensee of the patents-in-suit.

4. Plaintiffs desire to appeal the Court's claim construction ruling and the issues associated with the Court's claim construction ruling (including but not limited to, infringement) and the parties have agreed to this order with the expectation that Plaintiffs will do so. Based upon the Court's claim construction order, Plaintiffs stipulate as follows in paragraphs A though F:

A. Defendants and their customers do not place the Accused Products "in a stacked configuration" as the Court determined is required by the "adjacent" term in claim 13 of the '626 patent;

B. Defendants' Accused Products do not have a "bottom wall" as the Court determined is required by the term "bottom" in the '518 patent, the '626 patent, and the '929 patent;

C. Defendants' Accused Products do not have a "top wall" as the Court determined is required by the term "top" in the '626 patent and the '929 patent;

D. Defendants' Accused Products are not "an existing ocean freight container" and do not have "structural fortifications made to a container that do not materially alter the shape of the container" as the Court determined is required by the term "support braces" in the '518 patent, the '626 patent, and the '929 patent;

E. Defendants' Accused Products are not "an existing ocean freight container" and do not have "structural fortifications made to a container that do not materially alter the shape of the container" as the Court determined is required by the term "structural supports" in the '626 patent and the '929 patent; and

2

F. Plaintiffs limit their infringement allegation pertaining to the term "structural support members" in the '785 patent to the horizontal corrugations in the walls of the Accused Products. Defendants' Accused Products therefore do not contain the "structural fortifications to the end walls and sidewalls" as the Court determined is required by the term "structural support members" in the '785 patent. Defendants' Accused Products are not "an existing ocean freight container" as the Court determined is required by the term "structural support members" in the '785 patent.

5. Plaintiffs stipulate to dismissing their breach of contract claim with prejudice.

6. Defendants have asserted counterclaims and affirmative defenses of non-infringement, invalidity, and unenforceability of the Asserted Patents. Defendants stipulate to dismissing these counterclaims and defenses without prejudice.

The Court accordingly Orders, Adjudges, and Decrees as follows:

1. Based on this Court's claim construction order and Plaintiffs' above stipulation premised on that claim construction, the Court enters judgment for Defendants and against Plaintiffs as to Plaintiffs' claims for patent infringement and declares that Defendants' Accused Products and Methods do not infringe any of the Asserted Claims literally or under the doctrine of equivalents and therefore Defendants do not infringe any of the Asserted Claims directly or indirectly, under the Court's claims construction order.

2. The Court also dismisses with prejudice all remaining claims asserted by Plaintiffs.

3. The Court dismisses Defendants' counterclaims and defenses without prejudice.

4. The Court orders that Plaintiffs take nothing from Defendants by their suit.

5. All pending motions are denied as moot without prejudice.

6. This is a FINAL JUDGMENT.

Signed this 17th day of January 2019.

*George C. Hanks*
United States District Judge
George C. Hanks, Jr.

APPROVED AS TO FORM & SUBSTANCE:

/s/Charles B. Walker, Jr.
Charles B. Walker, Jr.
Counsel for Defendants

APPROVED AS TO STIPULATIONS AND FORM ONLY:

/s/ Matthew Whitley
Matthew Whitley
Counsel for Plaintiffs